UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD K. FORDHAM, #369373,

        Petitioner,

                                      Case No. 14-CV-13713

v.

                                      HON. MARK A. GOLDSMITH

KENNETH MCKEE,

        Respondent.
_____/

**OPINION AND ORDER
(1) GRANTING RESPONDENT'S MOTION TO DISMISS (Dkt. 5); (2) DENYING
PETITIONER'S REQUEST TO HOLD THE HABEAS PETITION IN ABEYANCE (Dkt.
7); (3) DISMISSING THE HABEAS PETITION (Dkt. 1) WITHOUT PREJUDICE; (4)
DENYING A CERTIFICATE OF APPEALABILITY; AND (5) DENYING LEAVE TO
PROCEED IN FORMA PAUPERIS ON APPEAL**

**I. INTRODUCTION**

Petitioner Ronald Fordham, currently confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1), challenging his Wayne County conviction for second-degree murder, Mich. Comp. Laws § 750.317. Petitioner was sentenced to 27-to-50 years' imprisonment in September 2012. In his pleadings, Petitioner raises claims concerning the sufficiency of the evidence, the conduct of the prosecutor, the jury instructions, and the effectiveness of trial counsel (multiple issues).

The matter is before the Court on Respondent's motion to dismiss the petition on exhaustion grounds (Dkt. 5), as well as Petitioner's request to hold his habeas petition in abeyance so that he may return to state court to fully exhaust all of his claims (Dkt. 7). For the reasons explained fully below, the Court grants Respondent's motion to dismiss the habeas

1

petition, denies Petitioner's request to hold the habeas petition in abeyance, and dismisses the habeas petition without prejudice. The Court also declines to issue a certificate of appealability, and denies leave to appeal in forma pauperis.

## II. BACKGROUND

Following his conviction and sentencing, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, raising claims concerning the sufficiency of the evidence and the effectiveness of counsel for failing to object to prosecutorial vouching. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." People v. Fordham, No. 317522, Order at 1 (cm/ecf page) (Mich. Ct. App. Jan. 21, 2014) (unpublished) (Dkt. 6-10). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, raising the prior two claims, as well as claims concerning the conduct of the prosecutor, the jury instructions, and the effectiveness of trial counsel (multiple issues). The Michigan Supreme Court denied leave to appeal in a standard order. People v. Fordham, 849 N.W.2d 355 (Mich. July 29, 2014) (Dkt. 6-11).

Petitioner dated his federal habeas petition on September 17, 2014. See Pet. at 4, 55 (cm/ecf pages) (Dkt. 1). In the petition, Petitioner raises the claims presented to the Michigan Supreme Court on direct appeal. On March 30, 2015, Respondent filed the instant motion to dismiss the petition on exhaustion grounds (Dkt. 5). Petitioner filed a response on May 4, 2015 (Dkt. 7). Petitioner states that he attempted to exhaust his state court remedies by raising his issues before the Michigan Supreme Court and, alternatively, seeks to hold his habeas petition in abeyance so that he may return to the state courts to properly exhaust any unexhausted issues.

## III. STANDARD OF DECISION

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (concluding "that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) ("[T]he state prisoner must first exhaust his available state court remedies by presenting his claims to the state courts to provide the courts an opportunity to remedy any constitutional infirmities in his conviction. It is the petitioner's burden to prove exhaustion."). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000). The claims must also be presented to the state courts as federal constitutional issues. Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. Welch v. Burke, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); accord Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. Granberry v. Greer, 481 U.S. 129, 131, 134-135 (1987). The burden is on the petitioner to prove exhaustion. Rust, 17 F.3d at 160.

### IV. ANALYSIS

#### A. Exhaustion of Claims

The record before the Court indicates that Petitioner first presented his prosecutorial misconduct claim, his jury instruction claim, and all but one of his ineffective assistance of

counsel claims to the state courts on discretionary review before the Michigan Supreme Court. Such an action is insufficient to satisfy the exhaustion requirement. Presenting new issues for the first time before a state supreme court on discretionary review does not amount to a "fair presentation" of those claims to the state courts for exhaustion purposes. Castille v. Peoples, 489 U.S. 346, 351 (1989). Thus, Petitioner fails to show that he properly exhausted all of his habeas claims in the state courts before seeking review in federal court.

Petitioner has an available avenue for review in the state courts such that his pursuit of state court remedies would not be futile. For example, he may file a motion for relief from judgment with the state trial court under Mich. Ct. Rule 6.500 et seq., and seek further review in the state appellate courts as necessary. The unexhausted claims should be addressed to, and considered by, the state courts in the first instance. Otherwise, the Court cannot apply the standard of review found in 28 U.S.C. § 2254.

In his reply to Respondent's motion to dismiss, Petitioner acknowledges that he may have an exhaustion problem and seeks to hold his habeas petition in abeyance so that he can return to the state courts to fully exhaust all of his habeas claims. A federal court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. See Rhines v. Weber, 544 U.S. 269, 276 (2005). Because a stay and abeyance is available only in "limited circumstances" (such as when the one-year statute of limitations poses a concern), the Court must determine whether: (i) the petitioner had "good cause" for the failure to exhaust state remedies before proceeding in federal court, (ii) the petitioner has not engaged in intentionally dilatory litigation tactics, and (iii) the unexhausted claims are not "plainly

meritless." Id. at 277-278. Considering these factors, the Court concludes that a stay and abeyance is not warranted.

First, while his petition contains both exhausted and unexhausted claims, the one-year statute of limitations applicable to federal habeas actions, 28 U.S.C. § 2244(d), does not pose a concern. The one-year limitations period does not begin to run until 90 days after the conclusion of direct appeal. See Jimenez v. Quarterman, 555 U.S. 113, 120 (2009) (stating that a conviction becomes final when "the time for filing a certiorari petition expires"); Lawrence v. Florida, 549 U.S. 327, 333 (2007). The Michigan Supreme Court denied leave to appeal on direct appeal on July 29, 2014, and, thus, the time for seeking a writ of certiorari with the United States Supreme Court expired on October 27, 2014. Petitioner dated his federal habeas petition on September 17, 2014. Therefore, no time of the one-year limitations period ran before Petitioner instituted this action. While the time in which this case has been pending in federal court is not statutorily tolled, see Duncan v. Walker, 533 U.S. 167, 181-182 (2001) (a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled. Johnson v. Warren, 344 F. Supp. 2d 1081, 1088-1089 (E.D. Mich. 2004). The limitations period will also be tolled during the time in which any properly filed post-conviction or collateral actions are pending in the state courts. 28 U.S.C. § 2244(d)(2); Carey v. Saffold, 536 U.S. 214, 219-221 (2002). Given that the whole one-year period remains, Petitioner has sufficient time to exhaust additional issues in the state courts and return to federal court, should he wish to do so.

Second, while there is no indication that Petitioner has engaged in intentionally dilatory tactics, he has not shown good cause for failing to fully exhaust all of his claims in the state courts before seeking relief in federal court. While Petitioner may have discovered new issues in

5

reviewing the state-court record, he offers no reason for failing to pursue such matters on collateral review in the state courts before filing his habeas petition.

Third, Petitioner's unexhausted claims concern matters of federal law which do not appear to be plainly meritless.

Taking into account all of these factors, the Court concludes that a stay is unwarranted and a non-prejudicial dismissal of the petition is appropriate.

### B. Certificate of Appealability and Leave to Proceed In Forma Pauperis

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. Id. at 336-337.

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it

6

debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; Castro v. United States, 310 F.3d 900, 901 (6th Cir. 2002).

Having considered the matter, the Court concludes that reasonable jurists would not debate the correctness of the Court's procedural ruling. Therefore, a certificate of appealability is not warranted in this case. The Court also denies Petitioner leave to appeal in forma pauperis, because any appeal would be frivolous. See, e.g., Dell v. Straub, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002); see Fed. R. App. P. 24(a).

## V. CONCLUSION

For the reasons stated above, the Court grants Respondent's motion to dismiss the habeas petition (Dkt. 5), denies Petitioner's request to hold his habeas petition in abeyance (Dkt. 7), and dismisses the habeas petition (Dkt. 1) without prejudice. Should Petitioner wish to delete the unexhausted claims and proceed only on the two fully exhausted claims, he may move to re-open this case and amend his petition to proceed only on the exhausted claims within 30 days of the filing date of this order. The Court makes no determination as to the merits of his claims.

SO ORDERED.

Dated: May 28, 2015       s/Mark A. Goldsmith
   Detroit, Michigan       MARK A. GOLDSMITH
                                     United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 28, 2015.

                                     s/Johnetta M. Curry-Williams
                                     Case Manager